[Doc. No. 4]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

C. LEE DEMPSEY,

       Plaintiff,

   v.

HARRAH'S ATLANTIC CITY
OPERATING CO., LLC, et al.,

      Defendants.

Civil No. 08-5237 (RMB)

## OPINION AND ORDER

The issue to be addressed involves whether plaintiff has sufficiently pled his standing to pursue his ADA claim. The matter is before the Court on the "Motion by the Harrah's Defendants to Dismiss, or in the Alternative, for [a More] Definite Statement." [Doc. No. 4]. The Court has received plaintiff's response [Doc. No. 19] and exercised its discretion to decide defendants' motion without oral argument. See Fed. R. Civ. P. 78 and L. Civ. R. 78.1. For the reasons to be discussed defendants' motion is GRANTED in part and DENIED in part.

Background

Plaintiff filed his complaint on October 24, 2008. [Doc. No. 1]. The complaint alleges that defendants' hotel and casino located in Atlantic City, New Jersey violates Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et

seq.(hereinafter "ADA").  Plaintiff alleges he suffered from a
"qualified disability" under the ADA, "and used a wheelchair for
mobility."  Complaint at ¶4.  Plaintiff also alleges he "personally
visited Defendants' Property but was denied full and equal access
to, and full and equal enjoyment of, the facilities within
Defendants' Property, which is the subject of this lawsuit."  The
Complaint alleges that defendants "have discriminated, and continue
to discriminate, against the Plaintiffs" in violation of the ADA.
Id. at ¶13.  Plaintiff alleges that he "has been unable to, and
continues to be unable to, enjoy full and equal safe access to, and
the benefits of, all the accommodations and services offered at
Defendants' Property." Id. at ¶14.  Id.  Plaintiff further alleges
that prior to the filing of this lawsuit he personally visited
defendants' property with the intention of using the facilities but
was denied full and safe access and therefore "suffered an injury
in fact."  Id.  In addition, plaintiff alleges he "continues to
desire to visit Defendants' Property in the future, but continues
to be injured in that he is unable to and continues to be
discriminated against due to the architectural barriers which
remain at Defendants' Property, all in violation of the ADA." Id.
Paragraph 16 of plaintiff's complaint sets forth specific alleged
ADA violations in defendants' casino, Asian Gaming Room, Club
Cappucino Restaurant, Eden Lounge and Sapphire Bar, Steak House
Restaurant, The Deli Restaurant, Waterfront Buffet Restaurant,

Reflections Restaurant, pool bar, "Xhibition" Bar, guest reception area and restrooms.  Plaintiff alleges "upon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified." Id. at ¶17.  Paragraphs 29, 30 and 32 of plaintiff's complaint pleads a New Jersey LAD claim and alleges plaintiff (1) visited Defendants' Property but was unable to equally access the goods, services and accommodations due to architectural barriers, (2) "continues to desire to visit Defendants' Property again, but continues to experience serious difficulty due to the barriers set forth herein which, upon information and belief, still exist," and (3) has been damaged and will continue to be damaged by this discrimination.

Defendants argue plaintiff's complaint should be dismissed because he did not properly plead standing.  Defendants argue the complaint does not identify when plaintiff visited their facility, "the specific injuries" he sustained, and what he was prevented from doing.  Brief at 1, Doc. No. 4-2.  Defendants also argue plaintiff did not identify his specific disability and "whether they are limited to his reduced mobility requiring his wheelchair use or whether they involve other disabilities." Id. at 4. Defendants allege that plaintiff did not plead "such basic information as to the date or dates upon which he visited the casino or what he attempted to do or was prevented from doing on

that visit." Id.  Defendants also argue that plaintiff did not plead his "intent or desire to play at any of the games in question." Id.  In addition, defendants allege that plaintiff does not indicate on how many occasions he visited their facility "or even that he has any firm interest in returning." Id. at 5.

In the alternative, defendants argue that plaintiff should be required to provide a more specific complaint pursuant to Fed. R. Civ. P. 12(e).  Defendants argue that, "Plaintiff's Complaint is framed in such a vague and expansive fashion that the Defendant is at a loss to know which, if any allegations, relate to actual injuries supposedly sustained by Plaintiff."  Id. at 6. Defendants add that, "Plaintiff does not even allege when it was he last visited the defendants' property, how long he stayed there, whether he was an overnight guest, or anything else which would allow for a truly meaningful response to the allegations contained in the Complaint." Id. at 6-7.

In response to defendants' motion plaintiff argues that he pleaded sufficient facts to support his standing to pursue this action.  Plaintiff argues he "has alleged a threat of future injury and intends to revisit Defendants' facilities in the immediate near future, which is factual and not speculative." Brief at 4, Doc. No. 19.  Plaintiff argues that his complaint contains "very specific statements of each [ADA] violation, naming actual restaurants, service counters and gaming areas within each hotel

4

and casino and the manner in which each is alleged to be in violation of specific sections of the ADA and its guidelines. Id. at 3.

Discussion

Several recent decisions have been issued in this District which address the ADA standing issue before this Court. The cases provide the appropriate framework for the Court's analysis.

Standing is a threshold jurisdictional requirement derived from the "case or controversy" language of Article III of the Constitution. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Cottrell v. Goods Wheels, et al., Civ. No. 08-1738 (RBK), 2008 WL 4792546, at *2 (D.N.J. Oct 31, 2008). The party invoking federal jurisdiction, in this case plaintiff, bears the burden of establishing standing. Lujan, 504 U.S. at 561. If plaintiff fails to make the necessary allegations, he has no standing. Warth v. Seldin, 422 U.S. 490, 518 (1975). Therefore, at the pleading stage plaintiff must set forth facts sufficient to establish his standing to invoke the court's jurisdiction. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990)(internal alterations, omissions, quotation marks and citations omitted)("[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute. Thus, petitioners in this case must allege facts essential to show jurisdiction. If they fail to

5

make the necessary allegations, they have no standing"); Cottrell, at *2.  To satisfy Article III standing plaintiff must demonstrate that (1) he suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there is a casual connection between the injury and the conduct complained of, that the injury is fairly traceable to the defendants' challenged action; and (3) it is likely, as opposed to merely speculative, that his injury will be redressed by a favorable decision.  Lujan, 504 U.S. at 560-61.

In addition to the Article III "case or controversy" requirement, there are prudential limitations on the court's ability to hear and decide a case.  Warth v. Seldin, 422 U.S. 490-500 (1975); Disabled Patriots of America, Inc. v. City of Trenton, ("Disabled Patriots"), C.A. No. 07-3165 (FLW), 2008 WL 4416459, at *3 (D.N.J. Sept. 24, 2008).  Prudential considerations include a prohibition on a plaintiff's ability to bring a generalized grievance that is shared equally with a large class of citizens, and plaintiff must assert his own legal rights and interests and not rely on the claims of others.  Id. (citing Warth, supra); Allen v. Wright, 468 U.S. 737, 751 (1984); Clark v. Burger King Corp., 255 F. Supp. 2d 334, 341 (D.N.J. 2003).

In order to determine whether plaintiff's alleged future injury is "concrete and particularized" the Court must examine plaintiff's likelihood of returning to the defendants' facility.

6

Disabled Patriots, at *3.  The factors the Court should examine to determine if plaintiff is likely to return include: (1) the plaintiff's proximity to the defendants' place of public accommodation; (2) the plaintiff's past patronage at the facility; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of travel near the facility. Id.

The Court finds that plaintiff has sufficiently pled most but not all necessary standing requirements.  Plaintiff has sufficiently pled that he suffered an injury in fact.  Plaintiff alleges he visited defendants' premises and was unable to enjoy full, equal and safe access to the benefits of all of the available accommodations and services.  This is sufficient to establish an injury.  The Court also finds that plaintiff satisfied the requirement that his injuries be "fairly traceable" to the defendants' challenged action.  Since defendants allegedly owned and operated the facility in question, plaintiff alleges a direct injury as a result of defendants' failure to remove certain barriers which is traceable to defendants' actions.  The Court also finds that plaintiff sufficiently alleged redressability.  Since plaintiff requests injunctive relief requiring defendants to comply with the ADA, a favorable decision will plainly redress his alleged injury.  Plaintiff also meets all prudential standing requirements since he is asserting his own legal rights and interests, and his interest in remedying disability discrimination falls within the

zone of interests the ADA was designed to protect.

The Court rejects defendants' argument that plaintiff has not pled sufficient facts to establish the foregoing elements of standing. Although plaintiff has not pled extensive facts in his complaint, the level of specificity necessary to avoid dismissal for lack of standing should not be "exaggerated." Cottrell, at *3 (citing Hosp. Council of W. Pa. v. City of Pittsburgh, 949 F. 2d 83, 86-87, 88 (3d Cir. 1991)). At the pleading stage, the Court may presume that the general allegations in plaintiff's complaint as to standing encompass a specific fact necessary to support the allegations. Cottrell, at *3. See also Bennett v. Spear, 520 U.S. 154, 168 (1997)("at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations of injury embrace those specific facts that are necessary to support the claim"). In addition, when reviewing a motion to dismiss on the pleadings, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Count of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)(internal citation and quotation omitted); Disabled Patriots, at *2.

Despite the foregoing, however, the Court finds that plaintiff has not sufficiently pled facts to establish that he will suffer a

future injury that is "concrete and particularized." Plaintiff's complaint simply pleads in conclusory fashion that he "continues to desire to visit Defendants' Property in the future." Plaintiff does not plead that he will return to defendants' facility. Nor does plaintiff plead that he has a definite intention to return to defendants' facility. Plaintiff's "mere expressed desire [to return] does not by itself imply an intent to return." Disabled Patriots, at *6 (citing Access 4 All, Inc. v. 539 Absecon Blvd., C.A. No. 05-5624 (FLW), 2006 WL 1804578, at *3 (D.N.J. June 26, 2006)). In Disabled Patriots, the court wrote that to establish standing, "plaintiff must put forth a definitive, uncontested intent to return before filing the complaint to establish standing." Id. (citing Access 4 All, Inc. v. Wintergreen Commercial P'ship, Ltd., No. 05-1307, 2005 WL 2989307, at *3 (N.D. Tex. Nov. 7, 2005)). This was not done here. A plaintiff who merely alleges a general intent to return to a defendant's hotel and no continuing connection to the area of the hotel has only established a speculative injury. Access 4 All, Inc. V. Absecon Hospitality Corp. ("Absecon Hospitality"), C.A. No. 04-6060 (JEI), 2006 WL 3109966, at *6 (D.N.J. Oct. 30, 2006)(citing Access 4 All v. Oak Spring, Inc., No. 504CV7506GRJ, 2005 WL 1212663 (M.D. Fla. May 20, 2005)). In this case plaintiff has merely pleaded a speculative injury because he simply pleads that he desires to visit defendants' facility in the future. This allegation does not

establish that the prospect of plaintiff's future injury is "concrete and particularized."

The Court rejects plaintiff's argument that his general allegation is sufficient to enable the Court to determine his likelihood of returning to defendants' facility.  To establish standing it is not sufficient for plaintiff to simply allege an intention to "some day" return. Disabled Patriots, at *3; Absecon Hospitality, at *6.  Further, in Lujan, supra, the Supreme Court ruled that "'some day' intentions-without any description of concrete plans, or indeed even any speculation of when the some day will be-do not support a finding of the 'actual or imminent' injury that our cases require." 504 U.S. at 564.  Plaintiff's expressed "desire to visit" defendants' facility is essentially the equivalent of pleading that plaintiff may return "some day."[1]

Even though plaintiff has not sufficiently pled his standing to pursue his ADA claim, the Court must still deny defendants' motion to dismiss.  Plaintiff should be afforded an opportunity to amend his complaint to conform with pleading requirements before dismissal is ordered. Phillips, 515 F.3d at 245.  The opportunity to amend should be granted unless the court determines that the amendment would be inequitable or futile. Id.  The Court declines to make this finding here.   Accord Disabled Patriots, supra;

---

[1]The Court must examine the allegations in plaintiff's complaint and not the averments in plaintiff's brief. FW/PBS, Inc., supra, 493 U.S. at 231.

Cottrell, supra.[2]

The Court will not give plaintiff a detailed roadmap regarding the facts he needs to plead to properly establish standing. The applicable case law discusses the issue and provides plaintiff with a sufficient guidepost about what is necessary. Based on the scenarios discussed in several recent New Jersey cases, some facts plaintiff may consider pleading are his proximity to the defendants' facility, his past patronage, whether he has definite plans to return, his frequency of travel to the Atlantic City area, and other facts relevant to the standing analysis. See Clark, supra; Disabled Patriots, supra; Absecon Hospitality, supra.

Defendants' request for a more definite statement pursuant to Fed. R. Civ. P. 12(e) is denied, except as to those facts necessary for plaintiff to establish standing. Pursuant to Rule 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Whether to

_____

[2]Plaintiff's reliance on Conley v. Gibson, 355 U.S. 41 (1957) is misplaced. Plaintiff cites the case for the well known rubric that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Brief at 6, Doc. No. 19. However, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007), the Supreme Court stated, "after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative glass on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the Complaint."

grant a motion for a more definite statement is soundly within the district court's discretion. <u>Clark v. McDonald's Corp</u>., 213 F.R.D. 198, 232 (D.N.J. 2003).  The prevailing standard in the Third Circuit is to grant a 12(e) motion only when the pleading is so vague and ambiguous that the opposing party cannot respond in good faith without prejudice to itself, even with a simple denial. <u>MK Strategies, LLC v. Ann Taylor Stores Corp</u>., 567 F. Supp. 2d 729, 736-37 (D.N.J. 2008).  The basis for granting a Rule 12(e) motion is unintelligibility, not lack of detail.  <u>Id</u>. at 737.  It is not the function of Rule 12(e) to provide greater particularization of information alleged in the complaint or to supply additional missing details.  <u>Id</u>.  This should be the subject of discovery.

Other than as to the standing issue addressed in this Order, plaintiff is not required to plead more particular facts.  By way of example, defendants can answer the complaint without knowing the precise details of plaintiff's disability, when he visited defendants' facility, how long he stayed there, whether he stayed overnight, etc.  These are areas that can be explored in discovery. Plaintiff is merely required to plead a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Except as to standing plaintiff has satisfied the requirements of Rule 8(a)(2). Accordingly, defendants' general request for plaintiff to provide more detail in his complaint is denied.  Plaintiff is only required to plead the additional facts

12

necessary to establish his standing to pursue the claims in his complaint.

<u>Conclusion</u>

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 2nd day of February, 2009, that defendants' Motion to Dismiss, or in the Alternative, for [a More] Definite Statement is GRANTED in part and DENIED in part; and

IT IS FURTHER ORDERED that defendants' request to dismiss plaintiff's complaint is DENIED; and

IT IS FURTHER ORDERED that except for the standing allegations discussed herein defendants' motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) is DENIED; and

IT IS FURTHER ORDERED that no later than February 12, 2009, plaintiff shall file and serve his amended complaint in accordance with the directives in this Order; and

13

IT IS FURTHER ORDERED that defendants shall file and serve their response to plaintiff's amended complaint no later than February 23, 2009.[3]


                                        s/Joel Schneider
                                        JOEL SCHNEIDER
                                        United States Magistrate Judge

---

[3]This Order is, of course, entered without prejudice to defendants' right to challenge plaintiff's standing at a later stage of the case.  The Court is merely addressing whether plaintiff's complaint alleges sufficient facts to establish standing.  This Order does not excuse plaintiff's burden of proving standing.  Lujan, 504 U.S. at 561.  Standing is not a "mere pleading requirement[ ] but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. 561. Stated another way, each element of Article III standing must be supported by evidence in the same way as any other matter on which the plaintiff bears the burden of proof. Bennett, supra, 520 U.S. at 168-69.